UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DESTINY RIVERA

                                 *Plaintiff*,      Case No.: 19-cv-07193

            -against-                      **COMPLAINT**

HERITAGE EQUITY PARTNERS, THE       PLAINTIFF DEMANDS
WILLIAMBSURG HOTEL BK LLC, and     A TRIAL BY JURY
VAUGHN FERREIRA

                                *Defendants*.
-------------------------------------------------------------x

Plaintiff, Destiny Rivera, by and through her attorneys, McLaughlin & Stern, LLP, complains of Defendants as follows:

## PARTIES

1. Plaintiff, Destiny Rivera ("Plaintiff") is a female individual residing at 5501 Metropolitan Avenue, Ridgewood, New York, 11385.

2. Defendant, Heritage Equity Partners ("Heritage"), is a Partnership, with its principal place of business as 711 5th Avenue, New York, New York 10022.

3. Defendant, The Williamsburg Hotel BK LLC ("Williamsburg" or the "Hotel"), is a Domestic Limited Liability Company with its registered address at 1274 49th Street, Suite 184, Brooklyn, New York 11219.

4. Defendant, Vaughn Ferreira ("Ferreira" and collectively with Heritage and Williamsburg as "Defendants") is a male resident of New York who supervised and controlled employees of the Hotel.

## NATURE OF THE ACTION

5. This is a civil action for damages and remedies brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e, *et seq.*; the New York State Human Rights

Law, N.Y. Exec. Law, § 290, *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code. § 8-101, *et seq.*

## JURISDICTION AND VENUE

6. Jurisdiction is founded upon 28 U.S.C. § 1331 and principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Plaintiff filed a Verified Complaint with the New York City Commission on Human Rights ("NYCCHR") on or about October 30, 2019 and was assigned an internal index number of M-E-LORS-20-78765. Plaintiff requested that the NYCCHR cross-file the Verified Complaint with the Equal Employment Opportunity Commission ("EEOC") and was assigned a federal charge number of 16F-2020-00037C. Plaintiff further requested an administrative convenience dismissal. The NYCCHR issued a Notice of Administrative Closure on December 11, 2019.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claim occurred in the Eastern District of New York.

## STATEMENT OF MATERIAL FACTS

9. Heritage is a real estate investment partnership that owns and operates several real estate ventures throughout New York City, including The Williamsburg Hotel. The Hotel is located in Williamsburg, Brooklyn and operates various guest accommodations including hotel rooms and a rooftop pool and bar. Ferreira is a manager of the Hotel's rooftop bar.

10. In or about April 2019, Ferreira hired Plaintiff as a cocktail waitress for the Hotel's rooftop bar. At all relevant times during her employment, Plaintiff worked for Defendants in this capacity Plaintiff's work was controlled and supervised by Ferreira.

11. Throughout her employment by Defendants, Plaintiff was qualified for her position and performed her duties in a professional and competent manner.

12. Shortly after Plaintiff was hired, Ferreira began making inappropriate comments to and about her. In particular, Ferreira referred to Plaintiff as "the newest bitch" and called her "a fat ass." Ferreira also informed Plaintiff that he had hired her "because of [her] ass."

13. Ferreira's most egregious harassment and misconduct occurred on or about June 4, 2019, when he grabbed Plaintiff's cellphone without her permission and, while viewing personal and private content, came across a nude photograph that he then attempted to copy and paste in a text message to himself.

14. Plaintiff informed Ferreira that she felt degraded and embarrassed by his conduct. Nevertheless, Ferreira continued to harass Plaintiff and create a hostile work environment. For example, Ferreira sent Plaintiff a text message at or about 1:56 p.m. on June 5, 2019, writing "ugh" followed by "can't stop seeing that." Ferreira then also commented "my nigga" and "you can't be having weapons like that around."

15. Ferreira's egregious and inappropriate sexual advances toward Plaintiff continued as he repeatedly attempted, during work hours, to get ahold of Plaintiff's phone in order to see the photo. Ferreira was often intoxicated when he attempted to get ahold of Plaintiff's phone and would often tell Plaintiff that her boyfriend was being unfaithful to her.

16. Ferreira's conduct made Plaintiff extremely anxious and uncomfortable at work. As a result of her anxiety and discomfort, Plaintiff was forced to miss two shifts at the Hotel. After having missed two shifts, another Hotel manager, "Niko," informed Plaintiff on or about June 8, 2019 that she had been "officially suspended for one week."

17. Plaintiff attempted to explain to Niko, in response to her suspension, that Ferreira's conduct had resulted in anxiety and discomfort causing her to miss work. Plaintiff wrote via text message that she needed to speak with him "about something important," and Plaintiff asked him

to give her "a call when [he] got a chance." Niko did not respond to Plaintiff's message and never returned her phone call.

18. Ferreira contacted Plaintiff on or about June 25, 2019 via text message. At this time, in response to Ferreira's text, Plaintiff wrote, "Vaughn I'm not doing great being everything that occurred at the Williamsburg Hotel while I was working there until I was temporarily 'suspended' and how unprofessional the management is led me to feel super uncomfortable." Ferreira responded that Plaintiff's suspension was a result of her missed shifts and asked Plaintiff if she would be interested in returning to work. He wrote, "I think you were a good worker."

19. Plaintiff responded to Ferreira, writing, "like I said you guys are super unprofessional and I did not want to come to work because I was afraid of being sexually harassed again. I tried calling Niko and texting him to contact me to explain this and he never got back to me." Ferreira assured Plaintiff that he would have Niko reach out to her. However, neither Niko nor any other manager contacted Plaintiff.

20. Plaintiff has not been able to return to work after her purportedly one-week-long suspension.

21. Plaintiff seeks an award of back pay, front pay, and all other benefits, compensatory and punitive damages, attorneys' fees and costs, and/or an order directing Defendants to cease and desist from their discrimination, harassment, and retaliatory practices, together with any further and additional relief that is just and proper.

### AS AND FOR A FIRST CAUSE OF ACTION: SEX DISCRIMINATION ARISING UNDER TITLE VII

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 inclusive, with the same force and effect as though more fully set forth at length herein.

23. At all relevant times, Plaintiff was an "employee" under Title VII, 42 U.S.C. § 2000-e(f).

24. Defendants are an "employer" under Title VII, 42 U.S.C. § 2000-e(b).

25. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her sex in violation of Title VII.

26. Specifically, Plaintiff was subjected to harassment and improper conduct because she is female.

27. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

28. Upon information and belief, Defendants' discriminatory actions were taken with reckless indifference to Plaintiff's rights. Plaintiff is therefore entitled to punitive damages under Title VII.

**AS AND FOR A SECOND CAUSE OF ACTION: SEX DISCRIMINATION ARISING UNDER NEW YORK STATE HUMAN RIGHTS LAW**

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 inclusive, with the same force and effect as though more fully set forth at length herein.

30. At all relevant times, Plaintiff was an "employee" for purposes of § 296 of the New York State Human Rights Law.

31. Defendants are an "employer" for purposes of § 296 of the New York State Human Rights Law.

32. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her sex in violation of the New York State Human Rights Law.

{N0094455.2}  5

33. Specifically, Plaintiff was subjected to harassment and improper conduct because she is female.

34. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION: SEX DISCRIMINATION ARISING UNDER NEW YORK CITY HUMAN RIGHTS LAW

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 inclusive, with the same force and effect as though more fully set forth at length herein.

36. Plaintiff is a "person" under § 8-102 of the New York City Human Rights Law.

37. Defendants are an "employer" for purposes of the New York City Human Rights Law, under New York City Admin. Code § 8-102(5).

38. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her sex in violation of the New York City Human Rights Law.

39. Specifically, Plaintiff was subjected to harassment and improper conduct because she is female.

40. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

41. Upon information and belief, Defendants' discriminatory conduct was taken with reckless indifference to Plaintiff's rights, entitling her to punitive damages under the New York City Human Rights Law.

## AS AND FOR A FOURTH CAUSE OF ACTION: RACE DISCRIMINATION ARISING UNDER TITLE VII

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 inclusive, with the same force and effect as though more fully set forth at length herein.

43. At all relevant times, Plaintiff was an "employee" under Title VII, 42 U.S.C. § 2000-e(f).

44. Defendants are an "employer" under Title VII, 42 U.S.C. § 2000-e(b).

45. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her race in violation of Title VII.

46. Specifically, Plaintiff was subjected to harassment and improper conduct because she is black.

47. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

48. Upon information and belief, Defendants' discriminatory actions were taken with reckless indifference to Plaintiff's rights. Plaintiff is therefore entitled to punitive damages under Title VII.

## AS AND FOR A FIFTH CAUSE OF ACTION: RACE DISCRIMINATION ARISING UNDER NEW YORK STATE HUMAN RIGHTS LAW

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 inclusive, with the same force and effect as though more fully set forth at length herein.

50. At all relevant times, Plaintiff was an "employee" for purposes of § 296 of the New York State Human Rights Law.

51. Defendants are an "employer" for purposes of § 296 of the New York State Human Rights Law.

52. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her race in violation of the New York State Human Rights Law.

53. Specifically, Plaintiff was subjected to harassment and improper conduct because she is black.

54. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION: RACE DISCRIMINATION ARISING UNDER NEW YORK CITY HUMAN RIGHTS LAW

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 inclusive, with the same force and effect as though more fully set forth at length herein.

56. Plaintiff is a "person" under § 8-102 of the New York City Human Rights Law.

57. Defendants are an "employer" for purposes of the New York City Human Rights Law, under New York City Admin. Code § 8-102(5).

58. By the actions detailed above, Defendants have unlawfully discriminated against and harassed Plaintiff on the basis of her race in violation of the New York City Human Rights Law.

59. Specifically, Plaintiff was subjected to harassment and improper conduct because she is black.

60. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

61. Upon information and belief, Defendants' discriminatory conduct was taken with reckless indifference to Plaintiff's rights, entitling her to punitive damages under the New York City Human Rights Law.

### AS AND FOR A SEVENTH CAUSE OF ACTION: RETALIATION ARISING UNDER TITLE VII

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 61 inclusive, with the same force and effect as though more fully set forth at length herein.

63. At all relevant times, Plaintiff was an "employee" under Title VII, 42 U.S.C. § 2000-e(f).

64. Defendants are an "employer" under Title VII, 42 U.S.C. § 2000-e(b).

65. By the actions detailed above, Defendants have unlawfully retaliated against Plaintiff for her complaints made known to Defendants in violation of Title VII.

66. Specifically, Defendants suspended and ultimately terminated Plaintiff on the basis of her complaints to Defendants.

67. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

68. Upon information and belief, Defendants' discriminatory actions were taken with reckless indifference to Plaintiff's rights. Plaintiff is therefore entitled to punitive damages under Title VII.

### AS AND FOR A EIGHTH CAUSE OF ACTION: RETALIATION ARISING UNDER NEW YORK STATE HUMAN RIGHTS LAW

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 inclusive, with the same force and effect as though more fully set forth at length herein.

70. At all relevant times, Plaintiff was an "employee" for purposes of § 296 of the New York State Human Rights Law.

71. Defendants are an "employer" for purposes of § 296 of the New York State Human Rights Law.

72. By the actions detailed above, Defendants have unlawfully retaliated against Plaintiff for her complaints made known to Defendants in violation of the New York State Human Rights Law.

73. Specifically, Defendants suspended and ultimately terminated Plaintiff on the basis of her complaints to Defendants.

74. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

### AS AND FOR A NINTH CAUSE OF ACTION: RETALIATION ARISING UNDER NEW YORK CITY HUMAN RIGHTS LAW

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 54 inclusive, with the same force and effect as though more fully set forth at length herein.

76. Plaintiff is a "person" under § 8-102 of the New York City Human Rights Law.

77. Defendants are an "employer" for purposes of the New York City Human Rights Law, under New York City Admin. Code § 8-102(5).

78. By the actions detailed above, Defendants have unlawfully retaliated against Plaintiff for her complaints made known to Defendants in violation of the New York City Human Rights Law.

79. Specifically, Defendants suspended and ultimately terminated Plaintiff on the basis of her complaints to Defendants.

80. As a direct result of Defendants' discriminatory actions, Plaintiff has suffered substantial damages, including emotional pain and mental anguish, in an amount to be determined at trial.

81. Upon information and belief, Defendants' discriminatory conduct was taken with reckless indifference to Plaintiff's rights, entitling her to punitive damages under the New York City Human Rights Law.

## JURY DEMAND

82. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff demands a judgment against Defendants as follows:

A. On her First Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and liquidated damages to the maximum extent allowable by law, attorneys' fees, interests, and costs;

B. On her Second Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, interests, and costs;

C. On her Third Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and punitive damages to the maximum extend allowable by law, attorneys' fees, interests, and costs;

D. On her Fourth Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and liquidated damages to the maximum extent allowable by law, attorneys' fees, interests, and costs;

E. On her Fifth Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, interests, and costs;

F. On her Sixth Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and punitive damages to the maximum extend allowable by law, attorneys' fees, interests, and costs;

G. On her Seventh Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and liquidated damages to the maximum extent allowable by law, attorneys' fees, interests, and costs;

H. On her Eighth Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, interests, and costs;

I. On her Ninth Cause of Action, back pay and front pay in amounts as yet undetermined (including benefits and wage supplements), compensatory damages, and punitive damages to the maximum extend allowable by law, attorneys' fees, interests, and costs;

J. Such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, N.Y.
   December 23, 2019

               Respectfully Submitted,
               MCLAUGHLIN & STERN, LLP

               By: /s/
                  Brett R. Gallaway, Esq.
                  *Attorneys for Plaintiff*
                  260 Madison Avenue
                  New York, NY 10016
                  (212) 448-1100
                  bgallaway@mclaughlinstern.com